<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| PHILIP SEIDLE, | : | |
| Petitioner, | : | Civ. No. 22-2909 (GC) |
| v. | : | |
| ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY, | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

<u>**CASTNER, United States District Judge**</u>

Petitioner is a state prisoner at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state judgment of conviction. (*See* ECF 1). Previously, on June 1, 2022, this matter was administratively terminated as Petitioner had not paid the filing fee nor had he applied to proceed *in forma pauperis*. (*See* ECF 3). This Court gave Petitioner thirty days in which to either: (1) pay the $5.00 filing fee; or (2) submit a complete application to proceed *in forma pauperis*. On November 7, 2022, the Clerk entered on the docket that Petitioner had paid the $5.00 filing fee. While the payment of this fee is well beyond the thirty days permitted in the June 1, 2022 Order, this Court will nevertheless order the Clerk to reopen this action in the interest of justice.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, this Court has screened Petitioner's habeas petition for dismissal and determined that dismissal without a response and production of the record is not warranted.

Petitioner also filed a motion to appoint pro bono counsel contemporaneously with his habeas petition. (*See* ECF 2). A habeas petitioner does not have an automatic right to the appointment of counsel. *See Morris v. Baker*, No. 14-6785, 2015 WL 5455651, at *1 (D.N.J. Sept. 15, 2015); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, this Court may appoint counsel to an indigent habeas petitioner where "the interests of justice so require." In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. Courts look to several factors in making that determination; namely: the likelihood of success on the merits, the complexity of the issues involved in the petitioner's case, and the ability of the petitioner to investigate and present his case. *See, e.g., Shelton v. Hollingsworth*, No. 15-1249, 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015).

In this case, Petitioner makes no showing that he is indigent as he has paid the filing fee and has not applied for *in forma pauperis* status. Thus, his motion for the appointment of pro bono counsel will be denied without prejudice.

Therefore, IT IS on this 9th day of November, 2022,

ORDERED that the Clerk shall reopen this case; and it is further

ORDERED that the Clerk shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of this Order; and it is further

ORDERED that where the habeas petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondent may file and serve a motion to dismiss the habeas petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an answer to the merits of the habeas petition is unnecessary; and it is further

ORDERED that if a motion to dismiss is filed, Petitioner shall have forty-five (45) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that if Petitioner files an opposition, Respondent shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the motion to dismiss is subsequently denied, the Court will then direct Respondent to file and serve a full and complete answer to all claims; and it is further

ORDERED that if Respondent does not file a motion to dismiss the habeas petition, Respondent shall file and serve a full and complete answer to all claims asserted in the habeas petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondent's answer shall respond to each factual and legal allegation of the habeas petition, in accordance with Habeas Rule 5(b), and contain any affirmative defenses Respondents wish to raise; and it is further

ORDERED that Respondent's answer shall address the merits of each claim raised in the habeas petition by citing to relevant *federal* law; and it is further

ORDERED that Respondent's answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any *pro se* filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondent's shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

ORDERED that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondent's file the answer, *see* Habeas Rule 5(e); it is further

ORDERED that within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is further

ORDERED that Petitioner's motion for the appointment of pro bono counsel (ECF 2) is denied without prejudice; and it is further

ORDERED that the Clerk shall serve this Order on Petitioner by regular U.S. mail.

                                      *s/Georgette Castner*
                                      GEORGETTE CASTNER
                                      United States District Judge