**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP SEIDLE,<br><br>　　　　Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>　　　　Respondent. | Civ. No. 22-2909 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

　　Petitioner is a state prisoner at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state judgment of conviction. (*See* ECF 1). Previously, Petitioner sought the appointment of counsel in this action. (*See* ECF 2). On November 9, 2022, this Court denied Petitioner's request for the appointment of counsel without prejudice noting that Petitioner failed to show he was indigent. (*See* ECF 4). Respondent was thereafter ordered to respond to the habeas petition. (*See id.*). On February 15, 2023, Respondent filed a Motion to Dismiss the habeas petition due to untimeliness. (*See* ECF 8). Subsequently, Petitioner filed another request for the appointment of counsel. (*See* ECF 9). Petitioner's request for the appointment of counsel will be analyzed at this time.

　　A habeas petitioner does not have an automatic right to the appointment of counsel. *See Morris v. Baker*, No. 14-6785, 2015 WL 5455651, at *1 (D.N.J. Sept. 15, 2015); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, this Court may appoint counsel to an

indigent habeas petitioner where "the interests of justice so require." In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. Courts look to several factors in making that determination; namely: the likelihood of success on the merits, the complexity of the issues involved in the petitioner's case, and the ability of the petitioner to investigate and present his case. *See, e.g., Shelton v. Hollingsworth*, No. 15-1249, 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015).

Petitioner has applied to proceed *in forma pauperis* in his most request for appointment of counsel. (*See* ECF 9-1). That application to proceed *in forma pauperis* will be granted. However, Petitioner's request for the appointment of counsel will again be denied without prejudice. Respondent has filed a Motion to Dismiss due to untimeliness of the habeas petition. Most relevant to this Court's inquiry in analyzing that motion will be the dates of certain state court filings along with whether Petitioner is entitled to equitable tolling. Such items would clearly be within the purview of knowledge of Petitioner to raise and bring forth to this Court to the extent they differ than contained within Respondent's Motion. Accordingly, Petitioner's request for the appointment of counsel will be denied. Nevertheless, recognizing Petitioner's *pro se* status, this Court will give Petitioner additional time in which to file his response to the Motion to Dismiss.

Accordingly, IT IS on this 3rd day of March, 2023,

ORDERED that Petitioner's application to proceed *in forma pauperis* (ECF 9-1) is granted; and it is further

ORDERED that Petitioner's request for the appointment of counsel (ECF 9) is denied without prejudice; and it is further

ORDERED that Petitioner shall have until May 1, 2023 in which to file a response to Respondent's Motion to Dismiss his habeas petition; and it is further

ORDERED that Respondent may file a reply brief in support of its Motion to Dismiss within ten (10) days after Petitioner files his response to the Motion to Dismiss; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Petitioner by regular U.S. mail.

_____
GEORGETTE CASTNER
United States District Judge