<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP SEIDLE, | |
| Petitioner, | Civ. No. 22-2909 (GC) |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | OPINION |
| Respondent. | |

**CASTNER, District Judge**

**I.     INTRODUCTION**

Petitioner, Philip Seidle ("Petitioner" or "Seidle"), is a New Jersey state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before this Court is Respondent's Motion to Dismiss Petitioner's habeas petition due to untimeliness. (*See* ECF 8). For the following reasons, Respondent's Motion to Dismiss is granted, Petitioner's habeas petition is dismissed due to untimeliness and a certificate of appealability shall not issue.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

In March 2016, Petitioner pled guilty to one count of first-degree aggravated manslaughter and one count of second-degree endangering the welfare of a child in state court. (*See* ECF 8-3, 8-4). In September 2016, Petitioner received a sentence of thirty years imprisonment on the aggravated manslaughter conviction subject to an eighty-five percent parole ineligibility period pursuant to the No Early Release Act ("NERA") under N.J. Stat. Ann. § 2C:43-7.2 and a five-year concurrent sentence on the endangering the welfare of a child conviction. (*See* ECF 8-6).

On November 12, 2016, Petitioner appealed his sentence to the New Jersey Superior Court, Appellate Division. (*See* ECF 8-7). On December 12, 2016, Petitioner filed an Amended Notice of Appeal to correct the date of the plea proceedings in his previously filed original Notice of Appeal paperwork. (*See* ECF 8-8). On February 7, 2017, the Appellate Division affirmed Petitioner's sentence. (*See* ECF 8-10). Petitioner did not file a petition for certification to the New Jersey Supreme Court nor did he file a petition for writ of certiorari to the United States Supreme Court. (*See* ECF 1 at 3-4).

On April 3, 2019, Petitioner filed a post-conviction relief ("PCR") petition in the New Jersey Superior Court. (*See* ECF 8-11). On October 29, 2019, the New Jersey Superior Court denied Petitioner's PCR petition. (*See* ECF 8-14). On December 12, 2019, Petitioner appealed the denial of his PCR petition to the New Jersey Superior Court, Appellate Division. (*See* ECF 8-15). On July 22, 2021, the Appellate Division affirmed the denial of Petitioner's PCR petition. (*See* ECF 8-16). On August 11, 2021, Petitioner filed a petition for certification to the New Jersey Supreme Court. (*See* ECF 8-17). On October 19, 2021, the New Jersey Supreme Court denied Petitioner's petition for certification without discussion. (*See* ECF 8-19).

Petitioner's federal habeas petition is dated May 11, 2022. (*See* ECF 1). Respondent has filed the pending Motion to Dismiss the habeas petition due to untimeliness. (*See* ECF 8). Petitioner was given until May 1, 2023 to file a response to the Motion to Dismiss. (*See* ECF 10). Petitioner has failed to file a response in opposition to Respondent's Motion to Dismiss.

**III.   DISCUSSION**

"A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That

limitations period begins to run when the criminal judgment becomes "final."[1] Typically, a state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); *see also* 28 U.S.C. § 2244(d)(1)(A) (the 1–year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). When a petitioner does not file a petition for certiorari with the United States Supreme Court, the one-year limitations period starts to run when the ninety-day period for seeking certiorari expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); *Morris*, 187 F.3d at 337 n.1 (holding that the period of direct review "include[s] the 90–day period for filing a petition for writ of certiorari in the United States Supreme Court"); U.S. Sup. Ct. R. 13 (ninety–day deadline to petition for certiorari).

Petitioner did not seek certification from the New Jersey Supreme Court on his direct appeal. Therefore, Petitioner's judgment became final under § 2244(d)(1) when the time for

---

[1] The statute states in full that the limitation period shall run from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable in this case.

seeking review to the New Jersey Supreme Court on direct appeal expired. *See Gonzalez*, 565 U.S. at 154. Under New Jersey Court Rule 2:12-3, Petitioner had twenty days from February 7, 2017, when the Appellate Division affirmed his judgment of conviction and sentence on direct appeal, to file a petition for certification with the New Jersey Supreme Court. Accordingly, his judgment became final for purposes of § 2244(d)(1) on February 27, 2017, or twenty days from when the Appellate Division affirmed Petitioner's sentence. Therefore, unless any applicable statutory or equitable tolling principle applies, Petitioner needed to file his federal habeas petition on or before February 27, 2018. For the following reasons, neither statutory nor equitable tolling apply to Petitioner's habeas petition.

The filing of a PCR petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). However, statutory tolling does not save a federal habeas petition if a PCR petition is filed after the applicable one-year statute of limitations has expired. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed); *Shoatz v. DiGuglielmo*, No. 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCR[ ] petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

Petitioner's judgment became final on February 27, 2017. He did not file his PCR petition until April 3, 2019, well after one-year had already passed. Therefore, statutory tolling does not apply in this case to make Petitioner's federal habeas petition timely.

While statutory tolling does not save Petitioner's federal habeas petition, this Court must also examine whether equitable tolling applies. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

Petitioner never responded to Respondent's Motion to Dismiss. Accordingly, he failed to make a showing that equitable tolling is applicable in this case. Therefore, Petitioner's federal habeas petition is untimely.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel,* 529 U.S. 473, 484 (2000), the United States Supreme Court further held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching

the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

For the reasons discussed above, Petitioner has not met this standard as his habeas petition is untimely. This Court will not issue a certificate of appealability.

V.   **CONCLUSION**

Respondent's Motion to Dismiss is granted and Petitioner's habeas petition is dismissed due to untimeliness. A certificate of appealability shall not issue. An appropriate Order will be entered.

DATED: May 9, 2023

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge